IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAURICE WILLIAMS,

      Movant,

vs.                                                                   No. CV 16-00997 RB/KBM
                                                                           No. CR 13-02975 RB

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Maurice Williams' 28 U.S.C. § 2255 Motion to Vacate Sentence ("Motion") (CV Doc. 1; CR Doc. 88).  The Motion was not filed within one year as required by 28 U.S.C. § 2255(f).  Therefore, the Court will dismiss the Motion as untimely.

Final Judgment was entered on Williams' conviction and sentence on August 5, 2014. (CR Doc. 85).  Williams did not file a direct appeal.  His Motion under § 2255 was filed on September 6, 2016.  (CV Doc. 1, CR Doc. 88).  Because the Motion appeared to be untimely on its face, the Court entered an Order to Show Cause on October 24, 2016, giving Movant Williams the opportunity to raise any facts and arguments he has relating to the timeliness of the Motion.  (CV Doc. 3; CR Doc. 90).  The Order directed Williams to show cause why the case should not be dismissed as untimely within thirty days of entry of the Order. (CV Doc. 3 at 3; CR Doc. 90 at 3).  More than thirty days has elapsed and Movant Williams has not shown any cause or otherwise responded to the Court's October 24, 2016 Order.

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant Williams is proceeding under a theory that his sentence should be vacated and he should be resentenced based on the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). (CV Doc. 1 at 4-5). The 1-year limitation period applicable to his claim, then, is the period under § 2255(f)(3) for rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline under the Antiterrorism and Effective Death Penalty Act ("AEDPA") for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27).

Williams' Motion indicates that the facility where he is incarcerated, USP Victorville, was on lock-down status from May 19, 2016 until July 19, 2016 and that, due to the lock-down, he had limited access to legal resources to prepare his filings. (CV Doc. 1 at 6; CR Doc. 88 at 6).

Acknowledging untimeliness, the Motion states that due to the lock-down status of the facility he was unable to meet the filing deadline.  (CV Doc. 1 at 6, CR Doc. 88 at 6).

The AEDPA's one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998). Equitable tolling would be appropriate when a prisoner is actually innocent, when an adversary's conduct or other uncontrollable circumstances prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). Moreover, a petitioner must diligently pursue his federal collateral review claims and a claim of insufficient access to relevant law ordinarily is not enough to support equitable tolling. *Miller,* 141 F.3d at 978.

In general, a temporary prison lock down does not qualify as an extraordinary circumstance to toll the § 2255 statute of limitations.  *See United States v. Rauch*, 520 F. App'x 656, 658 (10th Cir. 2013). Importantly, even if the time was equitably tolled during lock-down, Williams indicates the lock-down ended on July 19, but he delayed filing his Motion until September 6.  Williams' decision to further delay filing his § 2255 motion after the lock-down ended does not constitute due diligence in pursing his claim and does not support equitable tolling. *United States v. Rauch*, 520 F. App'x at 658.

Williams's Motion Under 28 U.S.C. §§ 2255 was not filed until September 6, 2016, more than one year after the Supreme Court's decision in *Johnson.*  Absent circumstances excusing the late filing or tolling the running of the AEDPA limitations period, Williams's Motion is untimely under 28 U.S.C. § 2255(f)(3).  Therefore, the Court will dismiss his Motion as untimely.  Under

rule 11 of the Rules Governing Section 2255 Proceedings, the Court will deny a Certificate of Appealability.  The Court determines that Movant Williams has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

**IT IS ORDERED** that Movant Maurice Williams' 28 U.S.C. § 2255 Motion to Vacate Sentence (CV Doc. 1; CR Doc. 88) is **DISMISSED** as untimely under 28 U.S.C. § 2255(f) and a Certificate of Appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE