# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MAURICE WILLIAMS,

    Movant,

vs.                                              No. CV 19-0470 RB
                                                  No. CR 13-2975 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## DISMISSING MOVANT'S SECOND § 2255 MOTION

THIS MATTER is before the Court on the handwritten letter filed by Movant Maurice Williams on May 21, 2019 (CV Doc. 1; CR Doc. 94), which the Court construes as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Final judgment was entered on Mr. Williams's conviction and sentence on August 5, 2014. (CR Doc. 85.) Mr. Williams did not file a direct appeal. He filed his first motion under § 2255 on September 6, 2016 and argued that "his Hobbs Act conviction does not qualify as a crime of violence." (CR Doc. 88 at 1–2.) The Court dismissed that motion on the grounds that it was barred by the one-year statute of limitations governing § 2255 proceedings. (*See* CR Doc. 91.) Mr. Williams did not appeal the Court's ruling on his first § 2255 Motion.

On May 21, 2019, the Court received a handwritten letter from Mr. Williams. (CV Doc. 1; CR Doc. 94.) The letter states that Mr. Williams is "challenging the Conspiracy to Commit Interference With Commerce by Robbery Hobbs Act (ct. 1&2) is not a crime of violence." (CV Doc. 1 at 1; CR Doc. 94 at 1.) The relief Mr. Williams seeks is correction of his sentence, and the

Court will construe the handwritten letter as a successive § 2255 motion. *See, e.g.*, *Peach v. United States*, 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Until a movant receives the required authorization from the Tenth Circuit, this Court is without jurisdiction to entertain the motion and it must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *see also United States v. Springer*, 875 F.3d 968, 972–73 (10th Cir. 2017).

Mr. Williams has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Even if Mr. Williams's letter was his first § 2255 filing, it appears that his claims may be barred by the one-year statute of limitations of 28 U.S.C. § 2244. Moreover, in *United States v. Melgar-Cabrera*, the Tenth Circuit held that Hobbs Act robbery is categorically a "crime of violence" under § 924(c)(3)(A)'s elements clause,because the clause requires the use of force capable of causing

physical pain or injury to another person, and the force element in Hobbs Act robbery can be satisfied only by violent force. 892 F.3d 1053, 1064–65 (10th Cir. 2018). Applying *Cline*, the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Mr. Williams has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

IT IS ORDERED that Movant Maurice Williams' second motion to vacate, set aside, or correct sentence filed May 21, 2019 (CV Doc. 1; CR Doc. 94) is **DISMISSED** without prejudice for lack of jurisdiction and a certificate of appealability is denied.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE